DAVID A. GREENWOOD (1250)
VAN COTT, BAGLEY, CORNWALL & MCCARTHY
50 South Main Street, Suite 1600
P.O. Box 45340
Salt Lake City, Utah 84145-0340
Telephone: (801) 532-3333

PATRICK J. FLINN
ALSTON & BIRD
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000

FILED
25 AUG 99 PM 3:03

RECEIVED CLERK

AUG 24 1999

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MEGADYNE MEDICAL PRODUCTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>DeROYAL INDUSTRIES, INC., MEDLINE INDUSTRIES, GENE ZAMBA and BIOGENETIC TECHNOLOGIES, INC.<br><br>Defendant. | No. 2:98cv 0267C |

**STIPULATION FOR ENTRY AND FINAL JUDGMENT
AND PERMANENT INJUNCTION**

MegaDyne Medical Products, Inc., ("MegaDyne") and DeRoyal Industries, Inc. ("DeRoyal"), through their undersigned counsel, stipulate to entry of final judgment and a permanent injunction under the following terms and conditions:

Entered on docket
8/26/99 by:
Deputy Clerk

1. The sale of electrosurgical electrodes manufactured by Biogenetics Technology, Inc. ("BTI") infringes United States Patent 4,785,807 (the "807 Patent") and the '807 patent is valid and enforceable. This admission is not, however, a binding admission concerning the interpretation of claims of the '807 Patent, which interpretation is to be determined according to the then-applicable law in any future dispute involving the parties. This admission is likewise not binding on any third party supplier of electrosurgical electrodes to DeRoyal with whom DeRoyal did not have a contractual relationship at the time this lawsuit was filed. Expressly subject to these limitations, the admissions herein shall be binding on DeRoyal and its corporate affiliates.

2. Effective immediately, defendant DeRoyal, together with each of its officers agents, servants, and employees, and upon those persons in active concert or participation with them who receive actual notice of the Order, are hereby permanently enjoyed from distributing, importing, exporting, selling, offering for sale, or using coated electrosurgical electrodes manufactured by ("BTI") so long as the '807 Patent remains valid and in effect.

3. DeRoyal shall immediately suspend any and all sales of infringing electrodes and shall destroy all infringing electrodes subject to their control.

4. DeRoyal has represented that it presently has sold no more than 147, 835 infringing surgical blades and that it has 90,000 blades in inventory under its control or ownership. The parties agree that such representation is material. Based upon this representation, DeRoyal shall pay MegaDyne the sum of $147,835.00 (One Hundred Forty-Seven Thousand Eight Hundred and Thirty Five Dollars) in U.S. Dollars within ten (10) days of entry of this Agreement and Stipulation. DeRoyal shall destroy the 90,000 blades in its inventory.

5. DeRoyal shall take nothing from MegaDyne on it counterclaim.

6. Each party shall bear its own costs and attorney's fees through the date of this Agreement and Stipulation. However, if any further action is required by MegaDyne

for the enforcement of this Agreement and Stipulation, including any requirement to enforce collection of the amount specified in paragraph 4 above, or to enforce any injunction provided herein, and MegaDyne prevails, the prevailing party shall be entitled to recover all of its costs and reasonable attorneys' fees incurred.

7. Nothing in this Stipulation shall be considered a release or discharge by DeRoyal in favor of BTI or any party supplying BTI-manufactured products to DeRoyal, including but not limited to discharge of claims for breach of warranties of non-infringement and breach of duties of indemnity and defense.

Dated: 8-16-99                                Dated: 8-17-99

DAVID A. GREENWOOD                             HAROLD G. CHRISTENSEN
VAN COTT, BAGLEY, CORNWALL &                   SNOW, CHRISTENSEN & MARTINEAU
MCCARTHY

                                               WILLIAM L. ANTHONY, JR.
PATRICK J. FLINN                               ORRICK, HERRINGTON &
ALSTON & BIRD LLP                              STUCLIFFE LLP

By: _____                  By: _____
        Attorneys for Defendant                        Attorneys for Plaintiff
    DEROYAL INDUSTRIES, INC.                       MEGADYNE MEDICAL
                                                    PRODUCTS, INC.

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Upon the foregoing Stipulation and good cause appearing, it is so Ordered this 25th day of August, 1999.

BY THE COURT:

_____
Tena Campbell, Judge
United States District Court Judge

4

ce

United States District Court
for the
District of Utah
August 26, 1999

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re: 2:98-cv-00267

True and correct copies of the attached were mailed by the clerk to the following:

    Mr. Harold G. Christensen, Esq.
    SNOW CHRISTENSEN & MARTINEAU
    10 EXCHANGE PLACE
    PO BOX 45000
    SALT LAKE CITY, UT  84145-5000
    JFAX 9,3630400

    William L. Anthony, Esq.
    ORRICK HERRINGTON & SUTCLIFFE LLP
    1020 MARSH RD
    MENLO PARK, CA  94025-1021

    Mr. David A Greenwood, Esq.
    VAN COTT BAGLEY CORNWALL & MCCARTHY
    50 S MAIN STE 1600
    PO BOX 45340
    SALT LAKE CITY, UT  84145
    JFAX 9,5340058

    Patrick J. Flinn, Esq.
    ALSTON & BIRD
    1201 W PEACHTREE ST
    ATLANTA, GA  30309

    Charles A. Laff, Esq.
    LAFF WHITESEL CONTE & SARET, LTD.
    401 N. Michigan Ave, #1700
    Chicago, IL  60611

    Ms. Mary Anne Q. Wood, Esq.
    WOOD CRAPO LLC
    60 E SOUTH TEMPLE STE 500
    SALT LAKE CITY, UT  84111
    JFAX 9,3666061